**Dilipbhai Nathubhai PATEL, Petitioner,**

**v.**

**Edward McELROY, District Director of the Immigration and Naturalization Service of New York, and Janet Reno, Attorney General of the United States, Respondents.**

**Docket No. 97–4074.**

United States Court of Appeals, Second Circuit.

Argued Nov. 25, 1997.

Decided April 30, 1998.

tion under former section 244(a)(1) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1254(a)(1) (1996) (amended September 30, 1996) ("section 244(a)(1)"). The sole basis for the BIA's conclusion was that suspension of deportation under that section is not available in exclusion proceedings.

■ This case presents a narrow issue of statutory construction: whether suspension of deportation under former section 244(a)(1) is available in exclusion as well as in deportation proceedings. We hold that suspension of deportation under this section is not available in exclusion proceedings. However, we note that this holding applies only to aliens who were placed into proceedings before April 1, 1997, the effective date of section 304(a)(3) of the Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–594 ("IIRIRA"), 8 U.S.C. § 1229b(b)(1), which replaced former section 244(a)(1).[1]

Affirmed.

Jules E. Coven, New York City, for Petitioner.

Diogenes P. Kekatos, Assistant U.S. Attorney for Southern District of New York, New York City (Mary Jo White, U.S. Attorney, James A. O'Brien III, Special Assistant U.S. Attorney, Steven M. Haber, Assistant U.S. Attorney, New York City, on brief), for Respondents.

Before: WALKER, JACOBS, Circuit Judges, and BRIEANT, District Judge.*

JOHN M. WALKER, Jr., Circuit Judge:

Petitioner Dilipbhai Nathubhai Patel ("Patel") appeals from the March 17, 1997 decision of the Board of Immigration Appeals ("BIA") affirming the November 13, 1995 decision of the Immigration Judge ("IJ")(Sarah M. Burr, *Immigration Judge*) denying Patel's application for suspension of deporta-

## Background

Patel is a native of India who entered the United States from Canada in 1981 without inspection. Since that time, he has resided continuously in the United States, making six trips abroad of approximately 30 days each. In July 1990, Patel traveled to England for one month and obtained British citizenship. On February 17, 1994, Patel traveled to India to visit his ill father, returning to the United States on March 22, 1994. Because Patel sought to reenter the United States with no visa or other documentation authorizing his admission, the Immigration and Naturalization Service ("INS") made an initial determination that Patel was excludable under 8 U.S.C. § 1182(a)(7)(A)(i)(I), which provides that, "[e]xcept as otherwise specifically provided ... any immigrant at the time of application for admission who is not in possession of a valid unexpired immigrant visa, reentry permit" or other suitable travel document is

1. INA section 244 was repealed by section 308(b)(7) of IIRIRA and incorporated in part into new section 240A(b) of the INA, *see* 8 U.S.C. § 1229b(b).

excludable. The INS then paroled Patel into the United States pending exclusion proceedings. At a December 21, 1994 hearing, the IJ found Patel to be excludable under 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Patel then filed an application for suspension of deportation under section 244(a)(1). On November 13, 1995, the IJ in a written opinion held that aliens in exclusion proceedings were eligible to apply for suspension of deportation under this section, but denied Patel's suspension application on the merits based on his failure to meet other substantive requirements of section 244(a)(1). Specifically, the IJ found that Patel's acquisition of British citizenship during one of his trips abroad barred him from taking advantage of the suspension provision. The IJ then ordered Patel excluded from the United States. Before the BIA, Patel appealed the IJ's denial of suspension relief and the INS appealed the IJ's finding of eligibility for suspension. On March 17, 1997, in a one-paragraph *per curiam* opinion, the BIA held that Patel was properly excludable from the United States for lack of valid documentation and that he was ineligible to apply for suspension on the sole ground that suspension under section 244(a)(1) was available only in deportation, not exclusion proceedings. Patel then filed a petition for review before this court, solely on the issue of whether aliens in exclusion proceedings are eligible for suspension of deportation under section 244(a)(1).

## Discussion

### I. The Statutory Scheme

Patel claims that, as a result of a 1986 amendment to the INA, aliens in exclusion proceedings became eligible for suspension of deportation under section 244(a)(1). Section 244(a)(1)—entitled "Suspension of deportation"—provided in relevant part that:

the Attorney General may, in his discretion, suspend *deportation* and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien ... who applies to the Attorney General for suspension of *deportation* and is *deportable* under any law of the United States ...; has been physically present in the United States for a continuous period

of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose *deportation* would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1254(a)(1) (1996) (amended September 30, 1996) (emphasis added). It is undisputed that, prior to 1986, aliens could apply for suspension under this section in deportation but not in exclusion proceedings. *See Landon v. Plasencia*, 459 U.S. 21, 26–27, 103 S.Ct. 321, 325–26, 74 L.Ed.2d 21 (1982) ("[T]he alien who loses his right to reside in the United States in a deportation hearing has a number of substantive rights not available to the alien who is denied admission in an exclusion proceeding ... [including the right to] seek suspension of deportation."); *Ramirez–Durazo v. INS*, 794 F.2d 491, 496–97 & n. 2 (9th Cir.1986) ("An alien in deportation proceedings is entitled to certain procedural protections and substantive rights not available in an exclusion proceeding .... [including the right to] seek suspension of deportation, INA § 244(a)(1), 8 U.S.C. § 1254(a)(1).").

In 1984, the Supreme Court held that an alien who, three years prior to the commencement of deportation proceedings, had left the United States for three months could not apply for suspension pursuant to section 244(a)(1) because that departure interrupted her otherwise continuous physical presence in the United States. *See INS v. Phinpathya*, 464 U.S. 183, 189–90, 104 S.Ct. 584, 589–90, 78 L.Ed.2d 401 (1984). In 1986, Congress relaxed the effect of this decision in an amendment to the INA altering the definition of "continuous" physical presence in section 244(b)(2), providing that:

[a]n alien shall not be considered to have failed to maintain continuous physical presence in the United States under [INA §§ 244(a)(1) and (2) ] if the absence from the United States was brief, casual, and innocent and did not meaningfully interrupt the continuous physical presence.

Immigration Reform and Control Act of 1986 § 315(b), Pub.L. No. 99–603, INA § 244(b)(2), 8 U.S.C. § 1254(b)(2) (1996)("section 244(b)(2)").

## II. *Statutory Interpretation of Section 244(a)(1)*

■ Patel contends that, as a result of this amendment, aliens in exclusion proceedings became eligible for suspension of deportation under section 244(a)(1). He notes first that section 244(b)(2) did not itself distinguish between exclusion and deportation proceedings. Patel claims that section 244(b)(2) preserved eligibility for suspension relief for an otherwise eligible alien who had been briefly absent from the United States and that "the returning alien is considered to have always been 'in the United States' for the purposes of preserving and establishing eligibility for suspension of deportation, notwithstanding his brief absences from this country." Because Congress permitted illegal aliens to make "brief, casual, and innocent" departures without violating the continuous physical presence requirement of section 244(a)(1), Patel argues, it would have been illogical to deny section 244(a)(1) suspension-eligibility only to those aliens placed into exclusion proceedings after a failed re-entry at the border, but to afford eligibility to those aliens placed in deportation proceedings either because (i) they made a successful (and usually undocumented) re-entry into the United States, or (ii) they never made the brief departure contemplated by section 244(b)(1). Patel concludes that, because returning aliens under section 244(b)(1) were considered never to have broken their continuous physical presence in the United States, their only "entry" into the United States within 8 U.S.C. § 1101(a)(13) (1996) was their original entry pre-dating any brief departures from the United States, and therefore upon return from brief departures such aliens were already within the United States and properly subject to "deportation" and not "exclusion" proceedings. We disagree.

We note first that one post–1986 Second Circuit case has observed that suspension of deportation is not available in exclusion proceedings. *See Correa v. Thornburgh*, 901 F.2d 1166, 1171 n. 5 (2d Cir.1990) ("Rights available in deportation but not exclusion include ... the right to seek suspension of the order ....."). In fairness to Patel, however, *Correa·* did not squarely address the statutory argument before us and the above-mentioned language was not necessary to the holding. We therefore turn to the merits of Patel's argument.

■ As a preliminary matter, Patel was properly placed into an exclusion proceeding upon his return to the United States from India. We note that "[e]xclusion proceedings determine whether · an alien seeking entry will be allowed to enter or shall be excluded and deported. Deportation proceedings are concerned with aliens who have already entered the United States and may be subject to removal or expulsion." *Mejia–Ruiz v. INS*, 51 F.3d 358, 360 n. 1 (2d Cir.1995) (citing 8 U.S.C. §§ 1226(a), 1251 (1995)) (quotation marks and citation ·omitted). "Entry" is defined as "any coming of an alien into the United States, from a foreign port or place...." 8 U.S.C. § 1101(a)(13). Arriving from the "foreign ... place" of India, Patel was stopped. and inspected at the United States border and temporarily paroled into the United States pending his exclusion proceeding. It is well-settled that such parole does not constitute an "entry" entitling the alien to a deportation and not an exclusion proceeding. *See Leng May. Ma v. Barber*, 357 U.S. 185, 188, 78 S.Ct. 1072, 1074, 2 L.Ed.2d 1246 (1958). Nor does 8 U.S.C. § 1101(a)(13)'s definition of "entry" distinguish between an alien's first "entry" into the United States and subsequent entries, whether.or not they follow brief, casual, and innocent departures from the United States. Because upon his return from India Patel did not make an "entry" into the United States, he was properly placed into an exclusion and not a deportation proceeding. *See Mejia– Ruiz*, 51 F.3d at 360 n. 1.

■ Given that Patel was properly placed into an exclusion proceeding, the issue is whether he was eligible under section 244(a)(1) to apply for suspension of deportation. "[I]n all cases involving statutory construction, our starting point must be the language employed by Congress ... and we

assume that the legislative purpose is expressed by the ordinary meaning of the words used." *Phinpathya*, 464 U.S. at 189, 104 S.Ct. at 589 (quotation marks omitted). The plain language of section 244(a)(1) referred to deportation, not to exclusion proceedings. Although section 244(b)(2) did not explicitly limit itself to aliens in deportation proceedings, that limitation is plain when section 244(b)(2) is viewed in the context of its surrounding statutory text. *See Bailey v. United States*, 516 U.S. 137, 143–45, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995) ("[T]he meaning of statutory language, plain or not, depends on context.") (quotation marks omitted). Section 244, of which section 244(b)(2) was a part, was entitled "Suspension of deportation." Section 244(a)(1)—which further enumerated the applicable factors for suspension only for aliens who were "deportable under any law of the United States" and which referred on three additional occasions to "deportation"—nowhere mentioned "exclusion," "excludability," or "exclusion" proceedings. Notably, section 244(b)(2), on which Patel relies, did not explicitly broaden section 244 to include aliens in exclusion proceedings.

We note further that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Gozlon–Peretz v. United States*, 498 U.S. 395, 404, 111 S.Ct. 840, 846–47, 112 L.Ed.2d 919 (1991) (quotation marks omitted). Although Congress has frequently used the words "exclusion" or "excludable" in the immigration laws, *see, e.g.*, 8 U.S.C. § 1182 (enumerating classes of "Excludable aliens"), Congress expressly applied section 244 only to suspension of deportation.

Moreover, prior to the passage of IIRIRA, the distinctions between "exclusion" and "deportation" proceedings were well-recognized both in the INA and in the case law. As stated by the Supreme Court,

those seeking "admission" and trying to avoid "exclusion" were already within our territory (or at its border), but the law treated them as though they had never entered the United States at all; they were within United States territory but not "within the United States." Those who had been admitted (or found their way in) but sought to avoid "expulsion" had the added benefit of "deportation proceedings"; they were both within United States territory *and* "within the United States."

*Sale v. Haitian Centers Council, Inc.*, 509 U.S. 155, 175, 113 S.Ct. 2549, 2560–61, 125 L.Ed.2d 128 (1993) (emphasis in original); *Landon*, 459 U.S. at 26–27, 103 S.Ct. at 325–26 (recognizing statutory rights available in deportation but not exclusion proceedings); *Mejia–Ruiz*, 51 F.3d at 360 n. 1 (discussing relationship between "entry" doctrine and exclusion/deportation proceedings). The structure of the pre-IIRIRA immigration laws also reflects this exclusion/deportation distinction: Part IV of INA Title II, 8 U.S.C. §§ 1221–1230 (1996), was entitled "Provisions Relating to Entry and Exclusion." while Part V, 8 U.S.C. §§ 1251–1260 (1996), was entitled "Deportation; Adjustment of Status." This latter part included section 1251, "Deportable aliens"; section 1252, "Apprehension and deportation of aliens"; section 1253, "Countries to which aliens shall be deported"; and section 1254 (INA section 244), "Suspension of deportation," making clear that section 244 applied to deportation and not exclusion proceedings. In light of the well-recognized pre-IIRIRA distinction in the immigration laws between exclusion and deportation, it is even more plain to us that, because Congress did not explicitly extend section 244(b)(1) to exclusion proceedings, it intended that section 244(a)(1) continue to apply only to deportation proceedings.

■ As a matter of statutory construction, we therefore hold that, for aliens placed into proceedings prior to IIRIRA's effective date, suspension of deportation under former INA section 244 is available to aliens in deportation but not in exclusion proceedings notwithstanding INA section 244(b)(1). Patel is therefore ineligible under former section 244 to apply for suspension of deportation.

Finally, we note that section 244 of the INA was replaced by IIRIRA § 304(a)(3) and is now reconstituted in 8 U.S.C. § 1229b(b)—"Cancellation of removal and

adjustment of status for certain nonpermanent residents"—which provides that "[t]he Attorney General may cancel removal [in the case] of ... an alien who is inadmissible or deportable from the United States if the alien has been physically present in the United States for a continuous period of not less than 10 years" and has satisfied various other substantive requirements. Because IIRIRA consolidated "exclusion" and "deportation" proceedings into one "removal" proceeding, *see* 8 U.S.C. § 1229a, our decision does not affect aliens who were placed into proceedings on or after April 1, 1997. *See* IIRIRA § 309(a), 110 Stat. 3009–625 ("Except as [otherwise] provided ... the amendments made by this subtitle shall take effect on the first day of the first month beginning more than 180 days after the date of the enactment of this Act [September 30, 1996].").

### Conclusion

We have carefully considered Patel's remaining arguments and reject them as without merit. For the reasons set forth above, the BIA's decision is affirmed. Each party shall bear its own costs.