# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-3479

MING-HUI WU,

*Petitioner,*

*v.*

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A72-217-514

ARGUED APRIL 8, 2009—DECIDED JUNE 8, 2009

Before EASTERBROOK, *Chief Judge,* and KANNE and
WILLIAMS, *Circuit Judges*.

KANNE, *Circuit Judge.* Ming-Hui Wu is a native and
citizen of the People's Republic of China. In 1992, the
former Immigration and Naturalization Service[1] began

---

[1] As of March 1, 2003, the INS ceased to exist and its enforce-
ment functions were transferred to the Department of Home-
(continued...)

exclusion proceedings against Wu, resulting in an immi-
gration judge ordering Wu excluded from the United
States. Those proceedings were later reopened, and on
March 21, 2007, an IJ determined that Wu was not
eligible for cancellation of removal or suspension of
deportation and ordered him excluded from the United
States. The Board of Immigration Appeals affirmed. Wu
now petitions this court for relief, arguing that the IJ
and BIA erred in holding that he was ineligible for can-
cellation of removal. We deny his petition.

## I. BACKGROUND

On March 27, 1992, the INS detained Wu in New York
upon his entry to the United States. The INS released Wu
but initiated exclusion proceedings against him by filing
a Form I-122.[2] The INS charged that Wu was excludable
for willfully misrepresenting a material fact to gain ad-
mission to the United States; not possessing a valid,
unexpired immigrant visa; and not possessing a valid,
unexpired travel document.

Wu failed to appear at a hearing before an immigration
judge on June 18, 1992. As a result, the IJ entered an
*in abstentia* order on June 22, finding Wu excludable

---

[1]  (...continued)
land Security ("DHS"). *See* Homeland Security Act of 2002,
Pub. L. No. 107-296, 116 Stat. 2135 (2002).

[2]  The I-122 was entitled a "Notice to Applicant for Admission
Detained/Deferred for Hearing Before an Immigration Judge."

from the United States. A copy of that order was mailed to Wu but was returned to the IJ marked "insufficient address."

Wu continued to live in the United States for the next ten years until September 2002, when his attorney was notified of the IJ's 1992 *in abstentia* order in September 2002. That October, claiming that he never received notice of the hearing or the IJ's order, Wu moved to reopen the exclusion proceedings pursuant to 8 U.S.C. § 1229a(b)(5)(C) and to stay his removal pursuant to 8 C.F.R. § 3.23(b)(1)(v) (2002).[3] In an order dated November 6, 2002, the IJ found that Wu was properly notified of the exclusion hearing because the notice was sent to the address he had provided and never returned. Because Wu was not properly served with a copy of the order or notice of his right to appeal, however, the IJ "most reluctantly" granted Wu's motion to reopen the exclusion proceedings. Wu's case was transferred to Chicago in response to an unopposed motion by the government.

At a hearing on January 3, 2005, the IJ opined that Wu was not eligible for cancellation of removal or suspension of deportation. But the IJ continued the proceedings to allow Wu to seek "repapering" under § 309(c)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-626 (1996), which would have provided Wu the

---

[3] This provision is now 8 C.F.R. § 1003.23(b)(1)(v). *See* Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824, 9830 (Feb. 28, 2003).

opportunity to seek cancellation of removal.[4] The DHS refused to "repaper," however, and at a hearing on March 21, 2007, the IJ held that Wu was statutorily ineligible for cancellation of removal or suspension of deportation because he was in exclusion proceedings. The IJ ordered Wu excluded and deported from the United States.

On August 28, 2008, the Board of Immigration Appeals affirmed the IJ's decision. The BIA agreed with the IJ that Wu was statutorily ineligible for cancellation of removal or suspension of deportation because he was in exclusion proceedings. The BIA further found that "to the extent that [Wu] raises substantive due process and equal protection arguments . . . , we are without authority to rule on the constitutionality of laws enacted by Congress."

## II. ANALYSIS

On appeal, Wu argues that, in light of the IIRIRA, the IJ and BIA erred in holding that he was ineligible for cancellation of removal. Wu claims that the IJ construed

---

[4] "Repapering" is the process by which the Attorney General may terminate prior exclusion proceedings and instead initiate new removal proceedings. *See* IIRIRA § 309(c)(3). This process allows aliens previously in exclusion proceedings to apply for cancellation of removal, which would have otherwise been unavailable prior to the effective date of IIRIRA. *Rodriguez-Munoz v. Gonzales*, 419 F.3d 245, 247 n.4 (3d Cir. 2005); *Alcaraz v. INS*, 384 F.3d 1150, 1152-53 (9th Cir. 2004); *Rojas-Reyes v. INS*, 235 F.3d 115, 125 (2d Cir. 2000).

his application for cancellation of removal as the "functional equivalent" of an application for suspension of deportation under the prior version of the Immigration and Nationality Act ("INA"). Wu also argues that the IJ erred in holding that he did not accrue no continuous physical presence for purposes of his eligibility for cancellation of removal.[5] As we discuss below, because the IIRIRA is inapplicable to Wu, he is statutorily ineligible for cancellation of removal.

We review the interpretation of the IIRIRA *de novo*, but we give due deference to the interpretation by the Attorney General and the BIA. *Fieran v. INS*, 268 F.3d 340, 344 (6th Cir. 2001); *see also Borrego v. Mukasey*, 539 F.3d 689, 691 (7th Cir. 2008) ("We review de novo questions of law regarding the interpretation of the INA, giving deference to the Board's reasonable interpretation of that Act."); *Gutnik v. Gonzales*, 469 F.3d 683, 690 (7th Cir. 2006) (noting that we review interpretation of the INA *de novo*, but that "'[j]udicial deference to the Executive Branch is especially appropriate in the immigration context'" (alteration in original) (quoting *INS v. Aguirre-Aguirre*, 526 U.S. 415, 416 (1999))). Our review of factual findings is limited to determining whether they are supported by

---

[5] Wu also claims that the discretionary nature of IIRIRA § 309(c)(2), which gives the Attorney General the option to apply new removal proceedings retroactively, creates an equal protection problem. Wu did not raise this issue until his reply brief and, therefore, has waived his right to pursue this argument on appeal. *See United States v. Diaz*, 533 F.3d 574, 577 (7th Cir. 2008).

"substantial evidence." *Bradvica v. INS*, 128 F.3d 1009, 1012 (7th Cir. 1997). Where, as here, the BIA "affirms, adopts, and supplements the IJ's decision," we review the IJ's decision as supplemented by the BIA. *Borrego*, 539 F.3d at 691 (quotations omitted); *see also Bakarian v. Mukasey*, 541 F.3d 775, 781 (7th Cir. 2008).

Before Congress passed the IIRIRA, the INA distinguished between "deportation" and "exclusion." *See Sale v. Haitian Ctrs. Council, Inc.*, 509 U.S. 155, 175 (1993) (explaining the differences between deportable and excludable aliens); *Landon v. Plasencia*, 459 U.S. 21, 25-26 (1982). Deportation hearings were typically used against aliens already physically present in the United States, while exclusion hearings were usually held at the port of entry to prevent admission. *Landon*, 459 U.S. at 25-26. The Attorney General could temporarily parole an excludable alien into the United States pending completion of exclusion proceedings, but such a determination was not legally considered admission into the country. 8 U.S.C. § 1182(d)(5)(A) (1994); *see also Leng May Ma v. Barber*, 357 U.S. 185, 186 (1958) (holding that an alien's parole into the United States "did not alter her status as an excluded alien").

Although the INA provided that aliens in deportation proceedings could apply for suspension of deportation, *see* 8 U.S.C. § 1254 (1994), it is well established that aliens in exclusion proceedings were ineligible for this type of relief. *See, e.g., Ma*, 357 U.S. at 189-90; *Simeonov v. Ashcroft*, 371 F.3d 532, 536-37 (9th Cir. 2004); *Fieran*, 268 F.3d at 344 ("Under the old INA, the Attorney General had

the discretion to suspend the deportation of qualified aliens . . . ; this discretion did not extend to excludable aliens."); *Sherifi v. INS*, 260 F.3d 737, 742 (7th Cir. 2001);[6] *Patel v. McElroy*, 143 F.3d 56, 60 (2d Cir. 1998). This is because parole is not considered "lawful entry of the alien into the United States." *Simeonov*, 371 F.3d at 536 (quotations omitted).

By passing the IIRIRA in 1996, Congress eliminated the distinction between "deportation" and "exclusion" proceedings and replaced them with a unified "removal proceeding." *Sherifi*, 260 F.3d at 741; *see also Zamora-Mallari v. Mukasey*, 514 F.3d 679, 687 n.2 (7th Cir. 2008); *Lara-Ruiz v. INS*, 241 F.3d 934, 944 (7th Cir. 2001). The IIRIRA also replaced "suspension of deportation" with a new discretionary form of relief, "cancellation of removal," which was more difficult to obtain. *See Bronisz v. Ashcroft*, 378 F.3d 632, 634 (7th Cir. 2004); *Useinovic v. INS*, 313 F.3d 1025, 1033 (7th Cir. 2002).

Wu's arguments on appeal focus on his application for cancellation of removal. For example, he attacks the IJ's

---

[6] Wu challenges the government's reliance on *Sherifi* because that case concerned suspension of deportation under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). However, the central issue in *Sherifi* was whether NACARA *changed* "the well-established rule that aliens in exclusion proceedings are not entitled to suspension of deportation." 260 F.3d at 742. Thus, *Sherifi* and the other cases we cite interpreting NACARA provide support for the long-established proposition that aliens in exclusion proceedings traditionally could not seek suspension of deportation.

statutory construction, claiming that his decision ignored the IIRIRA's abolition of the distinction between exclusion and deportation. But his opening brief ignores the critical point—that the IIRIRA's effective date, which applies prospectively, was April 1, 1997. *See* IIRIRA § 309(a), (c)(1); *Fieran*, 268 F.3d at 346.

The plain language of the IIRIRA unambiguously states that, subject to two narrow exceptions we discuss below, its provisions do not apply to aliens *who are in exclusion or deportation proceedings* as of the effective date of the Act. IIRIRA § 309(c)(1). The INS initiated exclusion proceedings against Wu on March 27, 1992—over five years prior to the IIRIRA's effective date. As these facts make clear, the IIRIRA's removal provisions do not apply to Wu. *Cf. Fieran*, 268 F.3d at 346 ("Fieran was placed in exclusion proceedings . . . long before the effective date of the IIRIRA. The provision upon which he relies therefore does not apply to his case.").

In his opening brief, Wu summarily claims that the IIRIRA's new removal proceedings apply "to all aliens whose cases are resolved after April 1, 1997." Likewise, in reply to the government, Wu claims that the "IIRIRA's effective date isn't controlling here." But he provides no support for these contentions and ignores the statute's plain language. As always, we must give full effect to the intent of Congress where it is clear from the statutory language. *United States v. Ranum*, 96 F.3d 1020, 1029 (7th Cir. 1996); *see also Knutsen v. Gonzales*, 429 F.3d 733, 736 (7th Cir. 2005). Wu is therefore statutorily ineligible for cancellation of removal under IIRIRA § 309(c)(1) unless he can show that one of the listed exceptions applies.

The IIRIRA provides only two narrow exceptions to its general rule against retroactive application. Under § 309(c)(2), the Attorney General may elect to apply the removal procedures for any case in which an evidentiary hearing under the INA has not commenced. To invoke this provision, the Attorney General must provide notice to the alien at least thirty days before the commencement of the hearing. Similarly, § 309(c)(3) allows the Attorney General to terminate a previous proceeding in which there has not been a final decision and reinitiate new removal proceedings, a process commonly known as "repapering."

It is uncontested that the Attorney General has not elected to "repaper" in this case, and § 309(c)(3) does not apply. Wu maintains, however, that the government elected to apply the removal procedures as allowed by § 309(c)(2). He bases this claim on (1) the government's failure to object to Wu's motion to reopen his exclusion proceedings under the new removal statute, and (2) the government's motion to transfer the proceedings to Chicago after receiving Wu's motion. But Wu did not present this argument until his reply brief, nor did he raise it before the IJ or BIA. Wu's failure to timely raise this argument results in waiver. *See Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009) (explaining that because the appellant "failed to raise this argument before the IJ or the BIA," it was waived); *Diaz*, 533 F.3d at 577 (stating that arguments may not be raised for the first time in a reply brief or they are waived).

Even if Wu had not waived this argument, however, it would be unlikely to succeed. Section 309(c)(2) allows

the Attorney General to proceed under the removal statute in cases in which an evidentiary hearing has not yet commenced. In Wu's case, a hearing took place on June 18, 1992, and § 309(c)(2) therefore does not apply.[7] Furthermore, the Act requires that the government provide notice of its election to proceed with removal proceedings at least thirty days before the date of the hearing. IIRIRA § 309(c)(2). We doubt that the government's mere failure to object to Wu's citation to the removal statute or its motion to transfer venue are the types of notice contemplated by Congress in § 309(c)(2).

### III. CONCLUSION

The INA provisions created by the IIRIRA, including cancellation of removal, are inapplicable to aliens who were in exclusion or deportation proceedings prior to the IIRIRA's effective date on April 1, 1997. The INS instituted exclusion proceedings against Wu on March 27, 1992, and neither of the IIRIRA's exceptions to its prospective application apply. Wu is therefore statutorily ineligible for cancellation of removal, and his petition is DENIED.

---

[7] Although Wu claims that he never received notice of the hearing, the IJ found otherwise. The IJ noted that while the resulting *in abstentia* order was returned as undeliverable, Wu received proper notice of the hearing because the INS sent the notice to the address he provided and it was not returned.

---