[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12469
Non-Argument Calendar

_____

Agency No. A205-571-235

ARES RAMIREZ-MORALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 22, 2021)

Before JORDAN, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Ares Ramirez-Morales ("Ramirez") seeks review of the Board of Immigration Appeals' ("BIA" or "Board") order denying his motion to reopen based on ineffective assistance of counsel. Ramirez argues that the BIA abused its discretion by denying his motion to reopen because there was a reasonable probability that the outcome of his underlying removal proceedings would have been different but for his attorney's error. Ramirez also argues that the BIA failed to account for several factors that it should have considered and that the Board didn't provide a reasoned explanation for its actions. After careful review, we disagree, and so we deny the petition.

## I

The parties before us are familiar with the facts, so we discuss them only briefly here. Ramirez, a native and citizen of Mexico, entered the United States without authorization at some unknown time and place. In 2012, the Department of Homeland Security initiated removal proceedings against him pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), contending that because he hadn't been paroled or admitted into the United States, he could be removed. Ramirez conceded that he was removeable and then applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

That provision gives the Attorney General discretion to cancel a lawful order of removal if an individual in Ramirez's position can show (1) he has been

2

physically present in the United States for a continuous period of not less than ten years; (2) he has been a person of good moral character during that time; (3) he hasn't been convicted of certain criminal offenses; and (4) his removal would result in exceptional and extremely unusual hardship to a qualifying relative, including a United States citizen child. Immigration and Nationality Act § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). As to the last prong, the BIA has long maintained that "the hardship to an alien's relatives, if the alien is obliged to leave the United States, must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001) (quotation marks omitted). Finally, even if an individual proves that he meets each prong, that "only renders an alien *eligible* to have his removal order cancelled." *Pereida v. Wilkinson*, No. 19-438, slip op. at 2 (U.S. Mar. 4, 2021). The Attorney General may choose to cancel a removal order under those circumstances, but that's a matter of discretion. *Id.*

In his effort to show he qualified for cancellation of removal, Ramirez included birth certificates for his four children, all citizens of the United States, and letters of recommendation written in support of his application. In 2018, before a merits hearing on Ramirez's application, his former counsel moved to file out of time certain additional documents—mostly tax returns and proof of good character—in support of Ramirez's application. When that hearing took place,

3

another attorney representing Ramirez argued that the motion should be granted because her firm had failed to request the documents from Ramirez in a timely fashion and Ramirez shouldn't suffer for the firm's lack of diligence. The immigration judge ("IJ") denied the motion, and the hearing continued, with the IJ hearing substantial testimony from Ramirez about his family and his economic status in the United States and his prospects if he were removed to Mexico. Ultimately, although the IJ found Ramirez credible and that he had satisfied the physical-presence and good-moral-character requirements for cancellation of removal, the IJ denied his application for cancellation of removal because, in the IJ's view, Ramirez hadn't shown that his children would suffer the kind of extraordinary hardship required by the statute. Ramirez appealed that decision to the BIA, but the Board dismissed his appeal because it agreed with the IJ.

In 2020, Ramirez (represented by new counsel) moved to reopen his removal proceedings on the basis that his prior counsel had rendered ineffective assistance. The BIA denied the motion to reopen.

Ramirez petitioned for review of that decision.[1]

---

[1] We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion, under which we will only determine whether the BIA exercised its discretion arbitrarily or capriciously. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "The BIA abuses its discretion when it misapplies the law in reaching its decision," or when it fails to follow its own precedents "without providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013). The appellant bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the context of removal proceedings are particularly disfavored. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th

## II

Ramirez's argument about the allegedly ineffective assistance rendered by his former counsel sounds in due process.  As this Court explained long ago, "the Due Process Clause . . . gives rise to the right to effective assistance of counsel in deportation proceedings." *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999).  And the BIA has said that the denial of that right can serve as the basis for a motion to reopen a final order that denies relief.  *See Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988).

But Ramirez lacks the necessary predicate for a right to effective assistance of counsel—some "constitutionally protected liberty interest." *Mejia Rodriguez*, 178 F.3d at 1146–48.  "[U]nder our precedent, an alien does not have a constitutionally protected interest in receiving discretionary relief from removal or deportation." *Mohammed v. Ashcroft*, 261 F.3d 1244, 1250 (11th Cir. 2001).  Without some constitutionally protected liberty interest, then, a person in Ramirez's position can't show that he was "deprived of liberty without due process of law." *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).  For the same reason and by the same logic, such an individual can't "demonstrate

---

Cir. 2009).  We review any constitutional claim or question of law de novo.  *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008).  An assertion that the agency failed to give reasoned consideration to an issue is a question of law that we review de novo.  *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018).

prejudice, much less substantial prejudice, arising from the ineligibility for such an 'act of grace' because no standards exist for a court to determine whether the executive would have granted the extraordinary relief anyway." *Mejia Rodriguez*, 178 F.3d at 1148. And without both showings—a deprivation of liberty and prejudice due to attorney error—a claim of ineffective assistance of counsel must fail. *Scheerer*, 513 F.3d at 1253.

For those reasons, Ramirez's argument about ineffective assistance of counsel can't succeed. Ramirez asked for a form of discretionary relief—the cancellation of removal. As the Supreme Court recently said, "[t]he Attorney General may choose to grant or withhold that relief in his discretion." *Pereida*, slip op. at 2; *cf. Mejia Rodriguez*, 178 F.3d at 1147 ("[S]uspension of deportation is an act of grace committed to the unfettered discretion of the Attorney General." (quotation marks omitted)).[2] Accordingly, Ramirez had no constitutionally protected liberty interest at stake, and so he can't show that his attorney's error

---

[2] Some of our past decisions refer to suspension of deportation rather than cancellation of removal. The change in terminology resulted from the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-208, 110 Stat. 3009 (1996) (codified as amended in scattered sections of 8 U.S.C.). There is a substantive difference between suspension of deportation and cancellation of removal, but for present purposes, what really matters is that Congress committed decisions about both to the discretion of the Attorney General. *See Arenas-Yepes v. Gonzales*, 421 F.3d 111, 115 (2d Cir. 2005) ("IIRIRA also repealed the form of relief petitioner seeks here, 'suspension of deportation,' replacing it with a new form of discretionary relief, 'cancellation of removal.'"); *Ming-Hui Wu v. Holder*, 567 F.3d 888, 892 (7th Cir. 2009) ("The IIRIRA also replaced 'suspension of deportation' with a new discretionary form of relief, 'cancellation of removal,' which was more difficult to obtain.").

deprived him of liberty without due process of law.  *Scheerer*, 513 F.3d at 1253; *Mejia Rodriguez*, 178 F.3d at 1148.  Because his motion to reopen his case relied on his unsound claim of ineffective assistance of counsel, we have no reason to second-guess the BIA's denial of that motion.

Secondly and separately, if we assume for the sake of argument that Ramirez had some right on which to predicate his ineffective-assistance-of-counsel claim, it's clear that the Board didn't err in concluding that Ramirez had failed to show a reasonable probability that his attorney's mistakes substantially prejudiced him. The gist of the documents that Ramirez hoped to submit was that Ramirez had good moral character and that his children depended on him for financial support. As to good moral character, the IJ found Ramirez had exactly that.  So it's hard to imagine what additional documentation might've done for Ramirez there.  And, as to the documents that Ramirez says would have shown how his U.S. citizen children depend on his financial support, the IJ heard testimony from Ramirez on his concerns about returning to Mexico and how he didn't think he'd be able to get a job in construction there.  The IJ also found Ramirez credible.  Given what Ramirez said about his family's finances and his uncertain job prospects in Mexico, the IJ must have known his removal would cause financial hardship to Ramirez's children.  The IJ nonetheless concluded that Ramirez hadn't shown the kind of extreme hardship required to qualify for cancellation of removal, and the

Board agreed with that determination.  Ramirez hasn't shown how additional documentation on the point would have been reasonably probable to change that conclusion.  Indeed, in his motion to reopen and in his briefing before this Court, Ramirez hasn't explained in any detail what the additional documentation would have shown or how it could have changed the outcome of the BIA's decision.  Accordingly, Ramirez hasn't given us sufficient reason to think that "that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005).

Third and finally, Ramirez argues that the BIA failed to properly consider salient factors in its decision-making process and that it failed to provide a reasoned explanation for its action.  We have held that the BIA must give reasoned consideration to a movant's claims.  *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874 (11th Cir. 2018).  To determine whether the Board has done so, we ask "whether the agency has considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (quoting *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 803 (11th Cir. 2016)).  "Yet, while the agency is required to consider all evidence that a petitioner has submitted, it need not address specifically each claim

8

the petitioner made or each piece of evidence the petitioner presented." *Jeune*, 810 F.3d at 803.

The Board provided reasoned consideration and a sufficient explanation for its decision here. Its order, though brief, leaves us with no doubt as to the basis of its decision to deny the motion to reopen. The BIA concluded that Ramirez hadn't shown prejudice due to his former attorney's blunders. "What is central to a showing of reasoned consideration is that the reasoning of the Immigration Judge and the BIA is logical and can be reviewed for error." *Bing Quan Lin*, 881 F.3d at 874. The BIA's decision here is neither illogical nor incapable of review. It recognized the basis for Ramirez's motion and acknowledged that he had satisfied the procedural requirements necessary for the Board to consider his motion. And then the Board explained its reason for rejecting the motion—a failure to demonstrate prejudice—"which was sufficient to address [Ramirez's] central claim." *Id.* at 875. To the extent Ramirez asks us to impose additional show-your-work requirements on the BIA, we decline to do so. More might have been said, but no more needed to be said.

**PETITION DENIED.**

9