In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 07-1656

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

RALPH DIAZ,

*Defendant-Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 CR 513—**Amy J. St. Eve**, *Judge*.

———————

ARGUED MAY 8, 2008—DECIDED JULY 11, 2008

———————

Before COFFEY, RIPPLE and SYKES, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Ralph Diaz pleaded guilty to
conspiracy to possess with intent to distribute and con-
spiracy to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1),
and the district court sentenced him to 46 months' im-
prisonment. On appeal, Mr. Diaz contends that his sen-
tence is invalid because the district court mistakenly
applied a presumption in favor of a within-guidelines
sentence. He also argues, albeit only in his reply brief, that
the district court did not explain sufficiently why it re-
jected his arguments for a lower sentence. A review of the
sentencing transcript, read as a whole, refutes both argu-

ments, and, therefore, we affirm the judgment of the district court.

# I

## BACKGROUND

In the summer of 2006, an informant, working with the Drug Enforcement Administration ("DEA") and Evanston, Illinois police, arranged to buy three kilograms of cocaine from Mr. Diaz. On the day of the sale, Mr. Diaz met the informant at a residence in Evanston. While there, Mr. Diaz telephoned an associate, who arrived by car moments later. Mr. Diaz removed a guitar case from his associate's car and opened it. When the informant saw that the case contained plastic bags holding a substance that appeared to be cocaine, he gave the prearranged arrest signal. DEA agents and local police appeared; Mr. Diaz fled, but he was apprehended two blocks away.

Mr. Diaz pleaded guilty to conspiracy to possess with intent to distribute and conspiracy to distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). At sentencing, the district court computed the guidelines range from facts admitted in the plea agreement. The quantity of cocaine—three kilograms—triggered a base offense level of 28. *See* U.S.S.G. § 2D1.1(c)(6). The district court reduced this level by two under the "safety valve" provision. *See id*. § 2D1.1(b)(11). It then applied another three-level reduction for acceptance of responsibility. *See id*. § 3E1.1. Combined with his criminal history category of I, Mr. Diaz's total offense level of 23 yielded a guidelines imprisonment range of 46 to 57 months. Neither Mr. Diaz nor the Government objected to this guidelines calculation.

Mr. Diaz, through counsel, argued for a below-guidelines sentence because of his impoverished childhood in Mexico and his attempts to help family members who remained there. He also contended that the circumstances of the drug deal warranted a lower sentence. Counsel asserted, without producing any supporting evidence, that Mr. Diaz took part in the deal only because he was struggling financially, that the confidential informant was the one who had specified the drug quantity and that Mr. Diaz stood to earn no more than $1,000 in his role as a "middleman" for the sale. Finally, Mr. Diaz asked the court, again through counsel, to take into account the conditions of his pretrial confinement as well as his attempts to better himself while incarcerated.

The Government asked the court to impose a sentence within the guidelines range. It argued that Mr. Diaz was more than a "middleman" and noted that, although he had no prior convictions, he was in the Country illegally, had been arrested twice for drug crimes and had been deported twice to Mexico. The Government also contended that the court could not take into account the conditions of Mr. Diaz's pretrial confinement and that, even if it could, those conditions were not sufficiently extraordinary to warrant a lower sentence.

In imposing the sentence, the district court explicitly stated that it had considered the factors in 18 U.S.C. § 3553(a). It imposed a sentence at the lowest end of the guidelines range, 46 months. As the court explained:

> Given the seriousness of the offense, the need to promote respect for the law and to provide just punishment for this offense, and to deter criminal conduct and protect the public, and to deter others from engaging in this type of conduct, I do find that the

Guideline range is reasonable here. Even considering, if the Court can consider, factors such as being housed at Kankakee, I do not think the differences warrant any deviation from the Guidelines.

. . . .

. . . I believe the low end of the Guideline range is appropriate and will satisfy and address the factors in Section 3553 that I have just reviewed.

R.30 at 15-16.

## II

## DISCUSSION

### A.

Mr. Diaz contends that the district court misapprehended the extent of its authority to impose a sentence outside the advisory guidelines range. In support of this contention, he relies on the district court's statement that factors such as the conditions of his pretrial confinement did not "warrant any *deviation* from the Guidelines." R.30 at 15 (emphasis added). Notably, Mr. Diaz acknowledges the court's affirmative statement that it was basing its sentence on the factors in section 3553(a). In Mr. Diaz's view, however, this reference to section 3553(a) merely shows that the court was "confused."

Read in isolation, the district court's "deviation" language might suggest that the court applied a presumption in favor of a within guidelines sentence. However, that reading of the district court's terminology is not the only plausible one. The court's language might just as well suggest that the court properly allowed the guide-

lines to serve as a suggested starting point for the court's consideration of the appropriate sentence. *See United States v. McIlrath,* 512 F.3d 421, 426 (7th Cir. 2008). We have recognized that common verbal formulations often outlive their doctrinal usefulness. Here, the use of pre-*Booker* nomenclature such as "deviation" might be problematic, but, standing alone, it is not reversible error. *See, e.g., United States v. Harris*, 490 F.3d 589, 596 (7th Cir. 2007) (holding that use of the term "enhancement," also a pre-*Booker* term, did not require reversal where district court properly considered the guidelines to be advisory); *United States v. Rosby*, 454 F.3d 670, 676-77 (7th Cir. 2006) (holding that use of the pre-*Booker* term "departure" was not error because it did not make a substantive difference). Reading the district court's statement in context, as we must, *see Rita v. United States*, 127 S. Ct. 2456, 2469 (2007), there is no doubt that the district court understood the post-*Booker* sentencing regime and imposed a sentence accordingly.

Mr. Diaz invites our attention to *United States v. Ross*, 501 F.3d 851 (7th Cir. 2007). There, we reversed the judgment of the district court because it had applied a presumption in favor of a within guidelines sentence. That case cannot control the situation before us. In *Ross*, the court stated that it was bound by Congress' judgment and that the lowest within-guidelines sentence was the "lowest sentence that's possible." *Id.* at 852-53. By contrast, here, the district court affirmatively demonstrated that it understood its authority to impose a sentence outside the advisory guidelines range. On two occasions, it explained that it was relying on the section 3553(a) factors and listed them explicitly. The court did *not* say that a sentence within the guidelines range was always

reasonable; it stated that such a sentence was reasonable "here." R.30 at 15. Instead of applying a presumption of reasonableness, as Mr. Diaz suggests, the court properly gave meaningful consideration to the section 3553(a) factors and then imposed a reasonable sentence. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006).

**B.**

In his reply brief, Mr. Diaz argues for the first time that the district court also failed to give legally sufficient explanations for rejecting his sentencing arguments. Arguments may not be raised for the first time in a reply brief; this submission therefore is waived. *United States v. Dabney*, 498 F.3d 455, 460 (7th Cir. 2007); *United States v. Harris*, 394 F.3d 543, 559 (7th Cir. 2005). Even if this argument had been raised properly, however, it would not be a basis for relief. We have explained repeatedly that the sentencing court need not address the section 3553(a) factors in a "checklist fashion." *United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007). It must provide only an "adequate statement" of its reasons, *id.*, and it may ignore insubstantial sentencing arguments without comment, *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008).

Although we would have welcomed a more detailed exposition of the district court's reasons for choosing the particular sentence that it imposed, we believe that the district court's failure to address explicitly each of Mr. Diaz's arguments does not amount to a material deviation from established sentencing procedures and creates no significant doubt that the court heard and weighed his submissions. *See United States v. Cunningham*, 429

F.3d 673, 678 (7th Cir. 2005). Indeed, extended discussion was particularly unwarranted in this case because Mr. Diaz had made no attempt to present evidence in support of his arguments in mitigation. *See Tahzib*, 513 F.3d at 695 (explaining that the defendant bears the burden of proving any mitigating factors). Counsel's unsupported statements are, of course, not evidence. *See United States v. Swanson*, 483 F.3d 509, 513 (7th Cir. 2007); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002).

## Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED