NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014
Decided June 4, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3446

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:12CR00032-001 |
| CARLOS ORTIZ, *Defendant–Appellant*. | Tanya Walton Pratt, *Judge.* |

## O R D E R

While on work release from prison (where he was serving state sentences for armed robberies in Indiana), Carlos Ortiz donned a mask and dark coat and attempted to rob an AutoZone store in Indianapolis. Ortiz brandished a revolver and ordered the store's occupants to the back of the building. A customer drew his own gun, however, and shot Ortiz in the leg. Ortiz limped out of the store, but he was quickly caught and his gun recovered. He pleaded guilty in federal court to obstructing commerce by trying to rob the store, 18 U.S.C. § 1951(a), brandishing a firearm during a crime of violence, *id.* § 924(c)(1), and possessing a firearm as a felon, *id.* § 922(g)(1).

The district court calculated a total offense level of 17 for the § 1951 and § 922(g)(1) charges. *See* U.S.S.G. §§ 2B3.1(a); 2K2.1; 3E1.1. The court assigned 4 criminal-history points to Ortiz's convictions for previous armed robberies and 2 more points because he was on conditional release for those crimes when he entered the AutoZone. *Id.* § 4A1.1(a), (c), (e). These 6 points yielded a Category III criminal history and, with the total offense level of 17, a guidelines imprisonment range of 30 to 37 months for the § 1951 and § 922(g)(1) offenses. The district judge sentenced Ortiz to a total of 37 months on those convictions, and a consecutive term of 84 months (the statutory minimum) for brandishing a firearm, *see* 18 U.S.C. § 924(c)(1)(A)(ii).

Ortiz filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. We invited Ortiz to comment on counsel's motion, but he has not responded. *See* CIR. R. 51(b). Because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects that she has discussed. *See United States v. Bey*, — F.3d —, 2014 WL 1389090, at *2 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by noting that Ortiz has no interest in challenging his guilty pleas. Thus counsel appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of those pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers arguing that the sentencing judge did not evaluate Ortiz's arguments in mitigation, but concludes that this appellate claim would be frivolous. We agree. At sentencing Ortiz argued that the judge should take into account that his attempt to rob the AutoZone had landed him back in state custody for 20 months (for violating the terms of his conditional release for his state convictions) even before his initial appearance in federal court. But the judge did consider those 20 months: Had Ortiz not been retaken into state custody, the judge said, she would have been inclined to sentence him *above* the guidelines range. The judge was not required to reduce Ortiz's sentence to reflect the time he was in state custody for other crimes. *See United States v. Garcia-Ugarte*, 688 F.3d 314, 316 (7th Cir. 2012) (concluding that district court adequately had considered, before rejecting, defendant's argument that his federal sentence should be shortened by length of time already served in state custody for different crime); *United States v. McNeil*, 573 F.3d 379, 484 (7th Cir. 2009) (explaining that district court is not required to reduce federal sentence to account for time served in state custody).

The district judge also considered Ortiz's assertion that he should receive a shorter sentence because one of the AutoZone customers he threatened with his gun instead shot him, injuring his left leg. A defendant's physical condition generally is not relevant under the guidelines, but the court may consider it. *See* U.S.S.G. § 5H1.4; *United States v. Poetz*, 582 F.3d 835, 837–38 (7th Cir. 2009); *United States v. Millet*, 510 F.3d 668, 680 (7th Cir. 2007). Ortiz, though, did not submit evidence that the shooting caused permanent impairment. His attorney asserted that Ortiz will never regain full use of his leg, but what lawyers say is not evidence. *See United States v. Chapman*, 694 F.3d 908, 914 (7th Cir. 2012); *United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008). So the judge could have disregarded this unsubstantiated argument. *See United States v. Starko*, 735 F.3d 989, 992 (7th Cir. 2013); *United States v. Vidal*, 705 F.3d 742, 744 (7th Cir. 2013); *United States v. Jackson*, 547 F.3d 786, 796 (7th Cir. 2008). Yet the court's express conclusion that Ortiz's injury did not warrant a below-guidelines sentence shows that the judge did consider his argument, and it would be frivolous to argue otherwise.

We also agree with appellate counsel that it would be frivolous for Ortiz to contest the reasonableness of his overall prison sentence. Counsel has not identified any basis to challenge the guidelines range calculated by the court for Ortiz's convictions under § 1951 and § 922(g)(1), and the sentence imposed for those offenses is within the guidelines range. We would presume a sentence within the guidelines range to be reasonable, *see Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Pineda*, 743 F.3d 213, 219 (7th Cir. 2014), and counsel is unable to suggest a reason why that presumption would not control. Moreover, Ortiz received the statutory minimum for brandishing a gun in violation of § 924(c), so a reasonableness challenge to that sentence necessarily would be frivolous. *See United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009); *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.