NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2015
Decided October 20, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1626

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:14CR00013-2 |
| HUMBERTO FIERRO-RASCON, <br> *Defendant-Appellant.* | James D. Peterson, <br> *Judge.* |

## O R D E R

Humberto Fierro-Rascon ran a small marijuana-trafficking organization from inside a federal prison in Colorado. Fierro-Rascon ordered marijuana from Mexican suppliers and arranged its transportation to Minnesota, where Christopher Johnson, a mid-level dealer who financed the operation, resold the marijuana to other dealers. The scheme unraveled after prison authorities began monitoring Fierro-Rascon's phone calls. A jury found Fierro-Rascon guilty of conspiracy to possess with intent to distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 92 months' imprisonment. Fierro-Rascon filed a notice of appeal, but his appointed attorney, who also represented him in the district court, asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Fierro-Rascon has responded to counsel's motion, *see* CIR. R. 51(b), by asking that we

permit him to proceed with his appeal pro se. Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by considering whether Fierro-Rascon could argue that the district court abused its discretion at trial by limiting cross-examination of Johnson, who was charged as a coconspirator but pleaded guilty and testified for the government. Johnson had described the workings of the operation and his distribution of marijuana to lower-level dealers in Minnesota, and Fierro-Rascon wanted to elicit the names of Johnson's customers on the belief that the list would be much longer than what Johnson had disclosed to investigators. The government opposed this inquiry as irrelevant, but Fierro-Rascon argued that forcing Johnson to name his customers would discredit his direct testimony that he had fully and truthfully cooperated. In this court, however, counsel acknowledges that trial judges have discretion to reasonably restrict cross-examination if, as in this instance, the limitation does not impede the Confrontation Clause's "core" concern for exposing a witness's biases or motivations for testifying. *See United States v. Kielar*, 791 F.3d 733, 743 (7th Cir. 2015); *United States v. Sanders*, 708 F.3d 976, 990 (7th Cir. 2013). The judge had given defense counsel a lot of latitude already in cross-examining Johnson to expose any bias, so the judge did not abuse his discretion in giving Fierro-Rascon less leeway than he wanted. *See Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) (noting that Confrontation Clause guarantees *opportunity* for effective cross-examination, not unlimited cross-examination); *United States v. Linzy*, 604 F.3d 319, 324 (7th Cir. 2010) (same). And even if further questioning would have been relevant by revealing that Johnson had withheld from investigators information about some of his customers, knowledge of that revelation would have done little to undermine the jury's confidence in Johnson's testimony about his dealings with *the defendant*, since those interactions were by telephone and the intercepted calls were played for the jury. *See United States v. Smith*, 454 F.3d 707, 715 (7th Cir. 2006) (explaining that judge's erroneous restriction of cross-examination on ground of relevance was harmless in light of government's strong case). We therefore agree with counsel that it would be frivolous to argue that limiting the cross-examination amounted to reversible error.

Counsel next questions whether Fierro-Rascon could challenge the district court's finding that, for purposes of calculating the guidelines range, he was responsible for nearly 400 kilograms of marijuana. The district court based that finding on Johnson's

statements to investigators and trial testimony, which the district court credited. Counsel is unable to articulate a basis for disturbing the court's credibility assessment, and thus he correctly concludes that an appellate claim about the drug quantity would be frivolous. *See United States v. McCauley*, 659 F.3d 645, 652 (7th Cir. 2011).

Also frivolous, as counsel recognizes, is a proposed challenge to the district court's addition of 4 offense levels upon finding that Fierro-Rascon "was an organizer or leader of a criminal activity that involved five or more participants." *See* U.S.S.G. § 3B1.1(a). Fierro-Rascon does not dispute that the conspiracy involved five or more participants (aside from Johnson, one other participant testified against Fierro-Rascon at trial, and several other participants were named at trial or in the presentence investigation report). And although Fierro-Rascon's lawyer argued at sentencing that the defendant had acted at the direction of unnamed persons in Mexico, Fierro-Rascon did not *testify*, and counsel's representations were not evidence. *See United States v. Chapman*, 694 F.3d 908, 913–16 (7th Cir. 2012); *United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008). More importantly, a criminal organization can have multiple participants with a leadership role, *see* U.S.S.G § 3B1.1 cmt. n.4; *United States v. Vallar*, 635 F.3d 271, 281 (7th Cir. 2011), and a 4-level upward adjustment is warranted so long as the defendant was an organizer or leader of at least one other person, *see* U.S.S.G § 3B1.1 cmt. n.2; *United States v. Cooper*, 767 F.3d 721, 733 (7th Cir. 2014). And Fierro-Rascon has never disputed that he was the leader of Johnson and the drivers who transported marijuana from the Mexican border to Minnesota, so we agree with counsel that an appellate claim disputing the increase under § 3B1.1(a) would be frivolous.

And last, as to the sentence, counsel considers whether Fierro-Rascon could challenge the reasonableness of the prison term. That term, 96 months, is 72 months below the minimum of the guidelines range, and counsel gives no reason to disregard our presumption that this below-guidelines sentence is reasonable. *See United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013). The district court adequately discussed the sentencing factors in 18 U.S.C. § 3553(a), including the nature of the offense (emphasizing that the conspiracy was nonviolent and limited to marijuana), the defendant's personal circumstances (reasoning that his close ties to the United States explained his impulse to return to the country unlawfully after being removed to Mexico), his criminal history (characterizing it as exaggerated by multiple convictions for immigration offenses), and the need to avoid unwarranted sentencing disparities (reasoning that a guidelines sentence would make Fierro-Rascon's punishment disproportionate to those received by his accomplices). Any argument that 96 months is too long would be frivolous.

Finally, Fierro-Rascon has told counsel that he is dissatisfied with the lawyer's performance at trial, and he tells us in his Rule 51(b) response that he prefers to prosecute this appeal pro se. Neither counsel nor Fierro-Rascon has identified any deficiency in the lawyer's performance, which by itself would make a claim of ineffective assistance frivolous. *See United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). In addition, we have emphasized repeatedly that claims of ineffective assistance are best reserved for collateral review, since on direct appeal the record is rarely developed sufficiently to substantiate the claim. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014). That appellate counsel also represented Fierro-Rascon at trial provides another reason to reserve any claim of ineffective assistance for collateral review. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). As for continuing on pro se, a defendant does not have a right to pursue a frivolous direct appeal, with or without counsel, *see Smith v. Robbins*, 528 U.S. 259, 278 (2000), and we agree with the defendant's lawyer that this appeal is frivolous.

Accordingly, we GRANT counsel's motion to withdraw, DENY Fierro-Rascon's motion to proceed pro se, and DISMISS the appeal.