**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2016
Decided August 29, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-1328

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 4:15-CR-40044-SMY |
| | |
| WILLIAM FULLER III, | Staci M. Yandle, |
| *Defendant-Appellant*. | *Judge*. |

**ORDER**

While incarcerated in the Marion federal penitentiary, William Fuller attacked another inmate. He pleaded guilty to possession of a weapon by an inmate and assault with a dangerous weapon and was sentenced to 77 months' imprisonment, the bottom of his guidelines range. He now appeals his sentence, contending that the district court did not adequately consider his arguments in mitigation.

At the time of the incident, Fuller was serving a 262-month sentence for two drug offenses. Approaching the victim from behind, Fuller swung a sock filled with rocks into the victim's head. The blow shattered the victim's bulky headphones and lacerated his face. The victim fled and Fuller gave chase, swinging a metal combination lock attached

to a lanyard until prison staff intervened. The attack was captured on the prison's video system.

Fuller was charged with two counts of possession of a weapon by an inmate (one for the sock and one for the lock), see 18 U.S.C. §§ 1791(a)(2), and one count of assault with a dangerous weapon, see *id*. § 113(a)(3). He pleaded guilty without a plea agreement to all three counts.

In calculating the guidelines imprisonment range, a probation officer identified an offense level of 24 and a criminal history category of VI, because Fuller is a career offender, see 18 U.S.C. § 113(a)(3); U.S.S.G. §§ 4B1.1(b), (b)(5), yielding a guidelines imprisonment range of 77 to 96 months. The probation officer noted the Sentencing Commission's view that the new sentence should run consecutively to Fuller's undischarged sentence, see U.S.S.G. § 5G1.3(a). Fuller did not object to the proposed guidelines range.

Fuller's lawyer argued for a total sentence of 77 months' imprisonment, most of it to run concurrently with his client's undischarged sentence. Counsel asserted that Fuller already had been punished for his crimes by spending 10 months in solitary confinement and losing administrative privileges. Counsel also asserted that Fuller, as a prison inmate, must—in counsel's words—live by the "unwritten rules of those confined by the Bureau" and that prison guards would not be able to protect him from all violent confrontations. Fuller did not present evidence at sentencing, but he said during his unsworn allocution that the victim had three or four times "tried to go to blows" with him and had shown him a weapon, and that he felt scared and knew the guards might not help him if he was attacked.

The district judge sentenced Fuller at the bottom of the guidelines range to a term of 77 months' imprisonment, to run consecutively to Fuller's undischarged sentence. The judge explained that she would not "relitigate" any "administrative actions and decisions" by the Bureau of Prisons because that is "not for [her] to judge." The judge told Fuller she understood his argument that he did what he thought necessary given prison culture, but she added that the only *evidence* she had received about the assault had come from the presentence report. And in any event, the judge continued, Fuller had violated the law and must be held accountable. The judge discussed the sentencing factors in 18 U.S.C. §§ 3553(a) and stated that she had "consider[ed] everything."

Fuller's sole argument on appeal is that the district court did not adequately consider his arguments in mitigation and thus committed procedural error. Fuller's within-guidelines sentence is presumptively reasonable and required minimal explanation. See *United States v. Dachman*, 743 F.3d 254, 263 (7th Cir. 2014). He argues nonetheless that

the district judge's statement that she would not "relitigate" administrative penalties indicates that she did not consider or respond to his argument about solitary confinement. Fuller also contends that the judge's emphasis on the absence of evidence of provocation by his victim shows that she did not think she was entitled to consider his assertion that the victim previously had threatened him.

But the contention that Fuller's arguments in mitigation were not addressed is meritless; the district judge *did* consider them and *rejected* them. The judge acknowledged Fuller's contention about the harshness of solitary confinement but explained that she was not going to rethink the BOP's determination of the appropriate administrative penalties for Fuller's misconduct. She reasonably concluded that administrative sanctions and criminal sentences serve different purposes, and thus the former is not a substitute for the latter. See *United States v. Newby*, 11 F.3d 1143, 1148–49 (3rd Cir. 1993).

The court had two reasons—both of them sound—for rejecting Fuller's contention that going on the attack was the only way to protect himself. First, although acknowledging that prisons are generally dangerous places, the court noted that the sole evidence about Fuller's crime comes from the presentence report, which says nothing at all about Fuller's having been provoked or feeling threatened. Fuller's unsworn allocution was not evidence, and it is well within a district judge's discretion to reject arguments in mitigation that are factually unsupported. See *United States v. Chapman*, 694 F.3d 908, 913–14 (7th Cir. 2012) (explaining that district courts "should disregard" arguments in mitigation that lack factual foundation); *United States v. Ramirez*, 675 F.3d 634, 641 (7th Cir. 2011) ("[E]very defendant who asserts that his or her personal circumstances warrant leniency is compelled to supply a factual predicate for the contention."); *United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008) (same). And assertions made by defense counsel or unsworn statements made by the defendant during allocution are not evidence. See *Diaz*, 533 F.3d at 578 ("Counsel's unsupported statements are, of course, not evidence."); *United States v. Krankel*, 164 F.3d 1046, 1055 (7th Cir. 1998) (explaining that unverified declarations from the defendant are not evidence that can refute a presentence report); *United States v. Anderson,* 632 F.3d 1264, 1270–71 (D.C. Cir. 2011) (noting that district court need not assign any weight to defendant's unsworn statements during allocution).

Second, in rejecting Fuller's assertion that he was compelled to assault his victim, the district judge explained that Fuller still had to be held accountable for his violent act, even if he felt threatened. Otherwise, the judge explained, prison would be an even more "unmanageable situation." We have previously noted that this type of anticipatory self-defense argument based on prison culture is sensibly rejected. See *United States v. Tokash*, 282 F.3d 962, 971–72 (7th Cir. 2002) ("The possession of weapons by inmates … does

not … lessen the danger and violence of penitentiaries, but instead contributes to it."); *United States v. Haynes*, 143 F.3d 1089, 1090 (7th Cir. 1998) ("Under the law of the jungle a good offense may be the best defense. But although prisons are nasty places, they are not jungles and it is the law of the United States rather than Hobbes' states of nature that regulates inmates' conduct.")

In any event, the district court was required only to *consider* Fuller's arguments, not to agree with them, and its explanations for rejecting these two arguments suffice to provide a "reasoned basis" for its decision. See *United States v. Davis*, 764 F.3d 690, 694 (7th Cir. 2014); *Dachman*, 743 F.3d at 262; *United States v. Haskins*, 511 F.3d 688, 696 (7th Cir. 2007). Fuller's real complaint is about the court's refusal to *accept* his arguments in mitigation. It committed no legal error in making the choice it did, and so Fuller's sentence is AFFIRMED.