NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 25, 2017
Decided May 17, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3984

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:15-CR-30165-SMY-1 |
| THEODORE J. LONGUST <br> *Defendant-Appellant.* | Staci M. Yandle, <br> *Judge.* |

**ORDER**

Theodore Longust, a former commercial-loan officer at Scott Credit Union, pled guilty to engaging in bank fraud that saddled the credit union with more than $13 million in losses and personally enriched him by an amount just under $200,000. At sentencing, he argued that he deserved a below-guidelines sentence because, in issuing fraudulent loans, he sought not to enrich himself but to keep a struggling business afloat. The district court disagreed and imposed a sentence at the low end of the guidelines range. Longust argues that the district court violated 18 U.S.C. § 3553(a)(1)

by insufficiently considering his mitigation argument. Because the district court adequately addressed it, we affirm.

Longust worked for nearly a decade as a Business Relationship Manager at Scott Credit Union, a not-for-profit financial cooperative. In this position, he had to meet various requirements when issuing loans. For loans of more than $100,000, he had to get approval from the credit union's Business Loan Committee. And he had to document all business loans through various applications, guarantees, credit approvals, and tax returns. But Longust disregarded these requirements for some of the loans that he issued during the final six years of his employment. He fraudulently issued loans that caused roughly $13.7 million in losses to Scott Credit Union (of which he kept for himself an amount less than $200,000).[1]  Roughly $1.7 million of these losses arose from unauthorized loan advances that Longust gave Windoor—a window-and-door company.

Longust pled guilty to one count of financial institution fraud, 18 U.S.C. § 1344(1), four counts of misapplication of funds, *id.* § 657, three counts of money laundering, *id.* § 1956(a)(1)(B)(i), and one count of making a false loan document, *id.* § 1006.

The parties disputed the appropriate length for his sentence. The district court calculated a guideline range of 121 to 151 months' imprisonment, and the government recommended a sentence at the bottom of that range. Longust proposed 84 months based on his relatively limited personal enrichment, the detrimental effect that his conviction will have on his future work prospects, and his desire to help keep Windoor in business by funneling fraudulent loans to it. He asserted that Windoor knew that the loans were fraudulent and that this knowledge made his conduct less "egregious." But the district court brushed aside this argument as irrelevant:

> The Court: Does it matter whether they were aware of the lines of credit? Does it matter to the point that your client was charged with, pled guilty to, misapplication of funds? Does it matter, does it matter to the offense of misapplication of funds? That- - does it matter?

---

[1]  Besides the $13.7 million in losses stemming from Longust's criminal conduct, Scott Credit Union lost another $12 million from defaulted loans that he had lawfully issued but were supported by insufficient collateral.

Mr. Schultz [Longust's attorney]: No, Your Honor.

The Court: Then it doesn't matter to this Court as to the nature and circumstances of the offense. Now, you can make your record, Mr. Schultz, and I - - and I'm asking you to, to do that and can we do that - - can we get there? But I'm just letting you know and let the record reflect, this Court does not consider any part of your presentation, this part of your presentation as at all relevant to my consideration of Section 3553(a) factors.

(R. 43 at 34.)

At his allocution, Longust told the judge that he engaged in this fraudulent activity "[m]ostly . . . to keep a business [Windoor] alive."

The district court sentenced Longust to 121 months' imprisonment and 3 years' supervised release. In response to Longust's point that he kept less than $200,000 for his personal use, the court stated that his offense was still very serious because of the damage he had caused to the credit union's finances and reputation. The judge further justified this sentence by underscoring the "sophistication of the scheme and the degree of fraud and deception involved" over six years, as well as the need to deter Longust from "future criminal conduct." The court acknowledged his lack of criminal history but emphasized the significant losses of the credit union (whose CEO, Frank Padak, had submitted a compelling victim-impact statement) and Longust's betrayal of public trust.

On appeal, Longust argues that the district court violated 18 U.S.C. § 3553(a)(1) by insufficiently considering his contentions that he engaged in fraud to keep Windoor in business and by refusing to consider his assertion that Windoor knew that the loans he had issued were fraudulent. According to Longust, these circumstances warranted a lighter sentence and undermined the need for deterrence.

Longust is incorrect that the district court did not sufficiently consider the intent behind his conduct. The court acknowledged that his personal gain from the fraud may have been limited but stressed that the consequences of his crimes for the credit union were substantial:

I think it's the defendant's position that beyond the funds that, Mr. Longust, you received for your own personal gain of, I believe it's

approximately $150,000, that the remainder of the other part of the offense, the other counts, don't seem to be real serious or significant because there was no personal gain. I disagree. The nature and circumstances of the offense also include the impact of that conduct. We've heard, and I've heard, the impact that your conduct has had on the credit union. I have read it. And I heard it today in Mr. Padak's statement. And it is relevant. And I think it reflects, helps to reflect the seriousness of this offense as well.

(R. 43 at 38–39.)

Further, the district court properly rejected Longust's assertion that Windoor knew of his fraud on grounds that any such knowledge did not affect the court's assessment of *his* "background, character, and conduct." 18 U.S.C. § 3661. Even if Windoor's knowledge were relevant, the court permissibly refused to consider it because Longust did not support his assertion with evidence. Sentencing judges may reject mitigation arguments that lack factual support. *See United States v. Chapman*, 694 F.3d 908, 913–14 (7th Cir. 2012); *United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008).

AFFIRMED.